**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

GEORGIA-PACIFIC, LLC

CIVIL ACTION

VERSUS

NO. 07-944-JJB-SCR

HEAVY MACHINES, INC., ET AL

## RULING ON APPEAL

This matter is before the Court on an appeal taken by Heavy Machines, Inc. ("HMI"). (Doc. 62.)  The Insurance Company of the State of Pennsylvania ("ISOP") filed an opposition.  (Doc. 125.)  HMI appeals the ruling issued by Magistrate Judge Riedlinger on January 22, 2010 (doc. 59), which denied HMI's motion for leave to file a cross-claim against ISOP (doc. 52).  Jurisdiction exists pursuant to 28 U.S.C. § 1332.

## Law and Analysis

Non-dispositive rulings by magistrate judges are reviewed under a "clearly erroneous" or "contrary to law" standard.  Fed. R. Civ. P. 72(a).  When a party objects to a magistrate judge's ruling on the ground that it is contrary to law, the party must demonstrate that the magistrate judge erred in some respect in his legal conclusions. *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994).  The magistrate judge's legal conclusions are freely reviewable by the district judge, who applies a de novo standard. *Id.*

Magistrate Judge Riedlinger denied HMI's motion for reasons stated in ISOP's opposition to the motion.  Specifically, he found undue delay in HMI's

filing of its motion for leave and that denying the motion did not prejudice HMI's ability to later assert its claim.

In part because of other matters pending in this case, in which the parties have more thoroughly briefed the Court as to the factual intricacies particular to this action, the Court finds that Magistrate Judge Riedlinger erred in finding *undue* delay on the part of HMI.

Certainly delay existed when HMI learned of ISOP's intent to contest the coverage of its insurance policy in March 2009, but did not raise these issues with the Court until December 2009.  However, as HMI has noted, ISOP, not HMI, brought these issues to the forefront by first raising them in March 2009, more than a year after this suit originated and only four months before the original fact discovery deadline of July 21, 2009.  Thus, neither party can claim promptness.

In addition, HMI notes that it did not expeditiously raise the issue of waiver because it had hoped to avoid litigation and instead reach a settlement agreement.  As such, HMI's motives were not deleterious, but similar to recognized excuses of "oversight, inadvertence, or excusable neglect."  *See Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).  Thus, the Court finds that any delay on the part of HMI was not undue.

ISOP further argues that allowing this crossclaim, a mere three months before the fact discovery deadline of May 21, 2010, would prejudice ISOP.  The Court, though, fails to understand how allowing HMI's motion will necessitate

additional and unexpected discovery regarding ISOP's coverage defenses.  First, ISOP, not HMI, introduced its coverage defenses before the Court, so it undoubtedly anticipated some discovery on their validity.  Second, the parties have already thoroughly briefed the Court on the issue of waiver of those defenses.  Therefore, even with this crossclaim, the current discovery deadline should provide prompt opportunity for preparation.

## Conclusion

Accordingly, Magistrate Judge Riedlinger's ruling of January 22, 2010 (doc. 59), is hereby OVERRULED.

Signed in Baton Rouge, Louisiana, on February ___, 2010.

_____
JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA