**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

GEORGIA PACIFIC, LLC,

CIVIL ACTION

VERSUS

NO. 07-944-JJB

HEAVY MACHINES, INC, ET AL.


**RULING ON MOTION FOR RECONSIDERATION**

This matter arises out of a motion for reconsideration (doc. 74) filed by the Insurance Company of the State of Pennsylvania ("ISOP"), in response to this Court's ruling dated March 15, 2010 (doc. 71).  Heavy Machines, Inc. ("HMI"), filed an opposition (doc. 78); ISOP filed a reply (doc. 81).  This Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Oral argument is not necessary.  For the following reasons, ISOP's motion is DENIED.

**Background**

Georgia Pacific, LLC ("Georgia Pacific"), brought suit against HMI, claiming that HMI's negligent performance of maintenance work caused the collapse of a stacker-reclaimer machine, resulting in property damage and an inability to continue operations.  Georgia Pacific also named as defendants HMI's primary insurer, American Safety Indemnity Company, and HMI's excess insurer, ISOP.

In the underlying ruling, the Court found that ISOP had knowledge of its right to assert a coverage defense and acted in such a manner as to induce HMI into reasonably believing that ISOP had relinquished that right.  Therefore, the Court held that ISOP waived its right to assert its coverage defenses.  ISOP

1

moves for reconsideration of the Court's ruling, arguing that the judgment is based upon a manifest error of law and a manifest injustice will otherwise result.

A brief look at this case's unusual procedural posture is necessary. HMI removed the case to this Court in December 2007. The central issue addressed in the underlying ruling—whether ISOP had waived its coverage defenses— arose in March 2009, when ISOP first asserted these defenses in their answer to Georgia Pacific's second supplemental complaint.[1] Nine months later, in December 2009, HMI filed a motion for partial summary judgment. ISOP opposed this motion, arguing (1) that the motion should fail procedurally, because HMI had not filed an underlying cross-claim; and (2) that the motion should fail substantively, because ISOP had not waived its defenses as a matter of law.[2]

To correct the procedural issue, HMI moved for leave to file a cross-claim; Magistrate Judge Riedlinger denied that motion, but this Court overturned him, thus allowing the cross-claim. Regarding the substantive issue, HMI filed a reply memorandum, ISOP filed a surreply, and HMI filed a supplemental reply. This is to say, the parties thoroughly briefed the Court on the issue of whether ISOP had waived its right to assert coverage defenses.

---

[1] Answer Second Suppl. Comp. 3-6 (doc. 36).
[2] Mot. Opp'n Partial Summ. J. 4, 6 (doc. 48).

**Standard**

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, district courts have discretion to reconsider interlocutory rulings.  *Zapata Gulf Marine Corp. v. P.R. Mar. Shipping Auth.*, 925 F.2d 812, 814-15 (5th Cir. 1991); *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474-75 (M.D. La. 2002).[3]   Although courts are concerned with principles of finality and judicial economy, "the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (although not controlling on this Court, this case provides an excellent explanation of motions for reconsideration and the applicable legal standards).  As a result, the Court retains jurisdiction under Rule 54(b) over all claims in a suit and may alter any earlier decision at its discretion until final judgment has been issued.  However, a motion for reconsideration based upon the same arguments only serves to waste the valuable resources of the court.  *See Shields v. Shelter*, 120 F.R.D. 123, 126 (D. Colo. 1988) (stating that the losing party does not get a "second bite at the apple" by restating old arguments).

---

[3] Although parties often discuss Rule 59 of the Federal Rules of Civil Procedure in conjunction with motions for reconsideration, the plain language of Rule 59 indicates that it only applies after an entry of judgment is made.  Fed. R. Civ. P. 59.  This distinction is relevant because the time limitations and standards for granting reconsideration are looser under Rule 54(b) than under Rule 59.  *Livingston*, 259 F. Supp. 2d at 475.

**Analysis and Conclusion**

ISOP argues that the Court erred by granting HMI's motion for summary judgment a mere fourteen days after it granted HMI leave to file its cross-claim. That short time period, ISOP argues, denied it "any time to conduct discovery related to the claims asserted against it."[4]  If HMI's cross-claim had first raised this issue, the Court would agree; however, ISOP raised the issue of coverage defenses in March 2009.  Thus, a year had passed during which it could have conducted discovery regarding the application of those defenses, including whether they had been waived.  ISOP argues that pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, it could not conduct discovery regarding HMI's cross-claim until after participating in a Rule 26(f)-discovery conference, which had not occurred when the Court ruled.  *See* Fed. R. Civ. P. 26.  Yet, ISOP fails to address the fact that it previously raised this issue of coverage as a defense.  The scheduling order of June 5, 2009, which took place after ISOP raised coverage issues, necessarily covered discovery of facts relating to that defense.  Thus, ISOP has had sufficient time to conduct factual discovery on the issue of coverage, including waiver.

Regarding substantive arguments on waiver, as the Court noted when it allowed HMI's cross-claim, "the parties ha[d] already thoroughly briefed the Court on the issue of waiver."[5]  Although ISOP argues that the Court denied it a chance to assert defenses to the cross-claim, it has not detailed how those defenses

---

[4] Mem. Supp. Mot. Recons. 5 (doc. 74-1).
[5] Ruling Appeal 3 (doc. 70).

would have differed from its opposition.  As noted, ISOP previously briefed the Court, providing detailed, articulate legal analysis as to why the Court should find that it had not waived its coverage defenses.  Where, as here, the defendant's answer would not provide a genuine dispute as to material fact, the Court may grant summary judgment even before the defendant has filed an answer.  C. P. Phong, Annotation, *Propriety of Entering Summary Judgment for Plaintiff Before Defendant Files or Serves Answer to Complaint of Petition*, 85 A.L.R.2d 825 § 2(a) (1962).[6]  Because ISOP does not show how an answer would have raised legal issues outside its briefs opposing summary judgment, the Court finds that ISOP did not suffer prejudice.

Moreover, as HMI noted, ISOP responded substantively to HMI's motion for summary judgment, without stating that it required additional time to conduct discovery.  *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (noting that *instead of* opposing a motion for summary judgment, a party may request a continuance "to permit affidavits to be obtained or depositions to be taken or discovery to be had").  And, even now, ISOP fails to advise the Court as to what additional, relevant information discovery would reveal.  Instead, it alleges generally that it could have explored whether HMI reasonably believed that ISOP had relinquished its coverage defenses.   This assertion, however, ignores the bulk of the Court's ruling: that ISOP's behavior resulted in the waiver.

---

[6] Indeed, under the new rule 56, "a party may move for summary judgment at any time, even as early as the commencement of the action."  Fed. R. Civ. P. 56 advisory committee's notes.

Because additional discovery will not change ISOP's behavior, the Court finds that granting additional discovery is not mandated by concerns for justice.

Thus, the underlying ruling was not based on a manifest error of law, nor will manifest injustice occur in its wake.   Accordingly, ISOP's motion for reconsideration (doc. 74) is hereby DENIED.

Signed in Baton Rouge, Louisiana, on May 20th, 2010.

_____

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**