UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GEORGIA PACIFIC, LLC,

VERSUS

HEAVY MACHINES, INC, ET AL.

CIVIL ACTION

NO. 07-944-JJB

ORDER

This matter arises out of a motion for entry of final judgment (doc. 72) filed by Heavy Machines, Inc. ("HMI"). HMI moves this Court to certify its ruling of March 15, 2010, as a final, appealable judgment. The Insurance Company of the State of Pennsylvania ("ISOP") filed an opposition. (Doc. 75.) This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Oral argument is not necessary. For the following reasons, HMI's motion is GRANTED.

Law and Analysis

HMI moves the Court to certify its prior ruling as a final, appealable judgment under Rule 54(b) of the Federal Rules of Civil Procedure. When multiple claims or parties are involved, the court "may direct the entry of judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). ISOP opposed HMI's motion, arguing that its previously pending motion for reconsideration (doc. 74) presented outstanding issues, thus providing reason for delay. The Court denied that motion for reconsideration on May 20, 2010, thereby disposing of ISOP's sole argument against Rule 54(b) certification.

1

In evaluating the "no just reasons for delay" standard, the Court must consider judicial administrative interests as well as the equities involved. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). Here, the consideration includes looking at whether HMI's claim is separable from any remaining claims such that an appellate court would not be burdened with deciding the same issues more than once and whether future developments in this Court might affect review.

The separability factor militates in favor of certification. Under the Court's ruling, ISOP's ability to assert coverage defenses is settled, while HMI's liability remains at issue. ISOP's coverage defenses do not color the question of liability. Therefore, neither this Court nor the Fifth Circuit will twice hear issues of liability or coverage defenses. *See id.* (noting the appropriateness of considering whether an issue would be heard twice). And although HMI still has claims against ISOP for bad faith denial of coverage and attorneys' fees, those claims are fully contingent upon the determination of coverage. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 338 n.9 (5th Cir. 1997). Thus one determination on their applicability would end the discussion, rather than result in additional and repetitive litigation.

Also, it is unlikely that future development here might affect appellate review. This Court has already reviewed that issue twice, once in the original motion for summary judgment and once in ISOP's motion for reconsideration. In addition, the issue of coverage is ancillary to the main issue before the Court, a

2

contract dispute between HMI and Georgia-Pacific regarding damages to a machine part. The Court does not anticipate that any future actions on the issue of liability will disrupt appellate review regarding coverage.

Finally, HMI argues that equitable considerations favor certification. The Court agrees. A speedy determination of this issue may aid HMI in repairing its business relationship with Georgia-Pacific. At the very least, it allows the parties to continue settlement discussions, which were previously interrupted by ISOP's belated assertion of its coverage defenses.

Thus, the Court finds that there is no just reason for delay and HMI's motion for entry of final judgment (doc. 72) is hereby GRANTED.

IT IS ORDERED, ADJUDGED, AND DECREED that the Court's ruling granting partial summary judgment (doc. 71) is designated a final, appealable judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Signed in Baton Rouge, Louisiana, on ~~May~~ June 1st, 2010

_____
JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA